GEORGE MAXFIELD, Appellant, *vs.* WILLIAM BIERBAUR and
JACOB BIERBAUR, Respondents.

APPEAL FROM THE DISTRICT COURT OF BLUE EARTH COUNTY.

On the trial of an issue of fact where there is conflicting evidence, the verdict of the jury
should not be disturbed as being against the weight of evidence, or as being unsupported by the
evidence, unless it is very clear that the jury have been mistaken.

## Points and Authorities for Appellant.

I.—The verdict is clearly supported by the evidence; the
preponderance of testimony goes to establish the facts found,
and a fair trial having been had, the Courts will not interfere
to disturb the finding of the jury. *Gra. & Wat. on N. Trials*,
*vol. 1, p. 362, cites 2 Arch. Pr.*, 222; *Gra. Pr.*, 514; *3 Gra.
& Wat. on New Trials*, 1240-41.

II.—Where there are no errors on the trial and the facts
are fairly submitted, the courts will not interfere even though
the evidence is slight, nor when it is doubtful, if the verdict
can be sustained in any aspect of the case. *Vol. 3, Gra. &
Wat. on New Trials*, 1260-61, *and cases cited; Medd vs. Con-
stans, 3 Minn. Rep.*, 171.

No error in law can be taken advantage of upon motion
for new trial, unless excepted to upon trial. *Pub. Stat., page
564, sec. 59, subd.* 7.

III.—There is a good consideration to support the agree-
ment found by the jury; the Plaintiff gave the Defendants
possession of the lots mentioned upon that agreement, and
the Defendant took possession from the Plaintiff upon such
agreement. The jury have so found upon the proofs and evi-
dence before them, which having been fairly submitted, the
finding of the jury is conclusive of those facts. *Gra. & Wat.*

*on New Trials, pages* 1239, 1240-41, *cites Coleman vs. Lord,* 12 *Barbour,* 336.

WILLARD & BARNEY, Counsel for Appellant.

FINCH & PITCHER, Counsel for Respondents.

*By the Court*—FLANDRAU, J.—Upon a full and careful examination of the testimony in this case, we are clearly of opinion that the jury was authorized in finding that the contract was made between Maxfield and the Bierbaurs for both lots four and five. It nowhere appears that Wm. Bierbaur was authorized to contract for Dr. Dombergh, but on the contrary it is clearly stated in Dombergh's testimony that he had no such authority. He swears distinctly that he *jumped* the lot, which is very well understood in this country. to mean, that he entered into the possession of it in spite of all other claimants. This jumping was after the contract between Maxfield and Wm. Bierbaur, and Dombergh jumped it from Bierbaur, if it all. It is quite evident that Wm. Bierbaur had it in his mind at the time of the negotiation with Maxfield, that Dombergh wanted the lot five, and would take it from him; but he negotiated for both lots, and had no right at all to speak for Dombergh. There is quite enough evidence to support the finding of the jury on this point.

In regard to the quit-claim deed made by Maxfield to Comstock, previous to the sale to the Bierbaurs, it is evident that the land was included by mistake in that deed, and that Comstock surrendered any claim he might have had by failing to file a statement with the trustee under the town site act. The Bierbaurs have nothing to complain of in this behalf. They have received all they contracted for.

There must be judgment for the Plaintiff on the verdict, such as it entitles him to.

The order granting a new trial is reversed.